Scott M. NISWONGER, etc., Plaintiff,

v.

AMERICAN AVIATION, INC., et al., Defendants.

No. CIV-2-75-114.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 9, 1976 and Feb. 4, 1976.

Carleton W. Smith, Greeneville, Tenn., for plaintiff.

Harold B. Stone, R. Thomas Stinnett, Knoxville, Tenn., O. C. Armitage, Jr., William W. Tweed, Greeneville, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for damages for deprivation by the defendants of the plaintiff's right under the Constitution, Fourteenth Amendment, Equal Protection Clause and Fifth Amendment, Due Process Clause. 42 U.S.C. § 1983. The Court's jurisdiction was properly invoked under 28 U.S.C. § 1343(3).

The gravamen of the plaintiff's complaint is that the defendants deprived him by arbitrary restraints of his right to engage at the Greeneville, Tennessee municipal airport as a licensed air-taxi commercial operator without due process of law. The defendants moved for a dismissal of this action on the ground that the plaintiff failed to state a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

The defendants' motion lacks merit as to the equal protection claim of the plaintiff. " * * * The right to engage in a lawful business * * * without arbitrary restraints is a 'fundamental right' within the protection of the Fourteenth Amendment. *New State Ice Co. v. Liebmann,* 285 U.S. 262, 52 S.Ct. 371, 76 L.Ed. 747 (1932); *Truax v. Raich,* 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915). * * * " *Col-*

*orado Springs Amusements, Ltd. v. Rizzo,* D.C.Pa. (1974), 387 F.Supp. 690, 696[8]. As to that claim of the plaintiff, the defendants' motion accordingly hereby is

OVERRULED.*

■ The plaintiff made no timely response to the defendants' motion. Local Rule 12(b). Unless the plaintiff so responds to the defendants' motion as it relates to his claim of deprivation of due process within 5 days herefrom, his opposition thereto on such ground will be deemed waived, local Rule 11(f).

## MEMORANDUM OPINION AND ORDER

The Court now has for consideration the motion of the defendants for a dismissal of the plaintiff's claim for failure to state a claim of due process deprivation on which relief can be granted. Such motion as to that claim also lacks merit.

■ The thrust of the defendants' motion is that they are engaged in a purely private operation, and that consequently the state action necessary to support a due process deprivation is lacking in the plaintiff's claim. It is alleged in the complaint that the defendant American Aviation, Inc. operates the Greeneville, Tennessee municipal airport under lease from the Greeneville-Greene County airport authority, the Town of Greeneville, Tennessee, and Greene County, Tennessee, and that it has discriminated against the plaintiff in the matter of due process of law. This amounts to a claim that state action enforced privately-originated discrimination.

As the Supreme Court has stated:

\* \* \* \* \* \*

[T]he impetus \* \* \* need not originate with the State if it is state action that enforces privately originated discrimination. \* \* \* [A] private restaurant owner who refused service because of a customer's race violated the Fourteenth Amendment, where the restaurant

was located in a building owned by a state-created parking authority and leased from the authority. \* \* \* [The parking authority] had "so far insinuated itself into a position of interdependence" with \* \* \* [the restaurant owner] that it must be recognized as a joint participant in the challenged activity, which, on that account, cannot be considered to have been so "purely private" as to fall within the scope of the Fourteenth Amendment. \* \* \*

\* \* \* \* \* \*

[In a symbiotic relationship between a private restaurant owner and a state-created parking authority] \* \* \* the private lessee \* \* \* operated in such surroundings that although private in name, it discharg[ed] a function or perform[ed] a service that otherwise in all likelihood would be performed by the State. \* \* \*

*Moose Lodge No. 107 v. Irvis* (1972), 407 U.S. 163, 172–175, 92 S.Ct. 1965, 1971[4], [5], 1972[6], 32 L.Ed.2d 627, citing *Burton v. Wilmington Parking Authority* (1961), 365 U.S. 715, 81 S.Ct. 856, 862, 6 L.Ed.2d 45.

Under the Tennessee Airport Authorities Act, T.C.A. §§ 42–601, et seq., the operation of airports and air navigation facilities in Tennessee is declared to be a public purpose, T.C.A. § 42–620, which may be discharged or performed by the authority itself or by a lessee, T.C.A. § 42–612(b). Where a transit authority was similarly a public benefit corporation created by a specific state statute, operated a public transit system, and contracted with a private corporation to perform certain of its functions, the private corporation was deemed to be engaged in "state action" for purposes of 42 U.S.C. § 1983 and the Constitution, Fourteenth Amendment. *Kissinger v. New York City Transit Authority,* D.C.N.Y. (1967), 274 F.Supp. 438, 441[1]. See also *Henry v. Greenville Airport Commission,* C.A.4th (1960), 279 F.2d 751, where the acts of a state administrative agency, serving a

---

\* The Court hereby RESERVES for further consideration after the pretrial conference the issue, whether the defendants were acting at the pertinent times under color of law, as required by 42 U.S.C. § 1983.

public purpose and supported by public funds, was found to be " * * * within the constitutional requirements [of the Constitution, Fourteenth Amendment]. * * * " *Ibid.,* 279 F.2d at 753[2].

Thus, the plaintiff has stated a claim of deprivation of due process of law* on which relief can be granted herein, and the defendant's motion for a dismissal hereby is finally

OVERRULED.

---

* In so ruling, the Court should not be understood as having decided whether the alleged discriminatory charging the plaintiff certain fees which were unapproved arises to the dignity of a violation of federal due process.